UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CAROLYN A. MILLER,**
               **Plaintiff**

**v.**                                                                Civil Action No.
                                                                          3:04CV623-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
               **Defendant**

## MEMORANDUM OPINION

This case presents plaintiff Carolyn Miller's challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Ms. Miller filed her applications in November and December of 2002, alleging that she had been unable to engage in any substantial gainful work since May 1, 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that her work as a substitute teacher, at a donut shop, as a babysitter, and as an ice skating teacher "approaches substantial gainful activity from a functional standpoint," but that her earnings have not risen to that level. He also determined that her dysthymic disorder with schizoaffective traits and personality disorder with dependent traits were severe impairments that prevented her from performing her past relevant work, but that she remains capable of performing work that exists in significant numbers in the

national economy.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).  The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Miller contends that the ALJ's credibility determination was not supported by substantial evidence.  In part, she challenges the ALJ's reliance on his observation that Ms. Miller was "in no outward distress during the hearing.  She responded appropriately to questions with no indication of distraction due to any cause."  Tr. 19.  The opportunity of the ALJ to observe the claimant at the hearing "is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987).  While it obviously cannot be the sole consideration in credibility, neither can ALJ observation be discarded as irrelevant.  In this case,  the ALJ's credibility determination was based primarily on her own testimony regarding her activities, which are clearly extensive and varied.  These activities include functioning in a competitive environment -- winning a synchronized skating competition (Tr. 274), and regularly caring for children, both as a teacher's assistant in a classroom and as a volunteer in her family.  The question is not whether she could engage in these activities as gainful employment; rather, the question is whether she could engage in the jobs identified in the opinion.  Plaintiff's own

testimony provides substantial evidence to support the credibility determinations of the ALJ.

Ms. Miller further contends that the ALJ erred in evaluating the opinions of her treating physician and psychologist.  In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician.  Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician.  See also Soc.Sec.Rul. 96-2p.  A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992).

The opinion in issue here was given by the treating therapist, Julie Cornell and adopted by agreement by Dr. Davis.  In December 2003, Ms. Cornell opined that Ms. Miller had poor or no ability to make *any* occupational adjustments.  That is, Ms. Cornell said that Ms. Miller could not follow work rules, relate to co-workers, deal with the public, and so on.  Tr. 231.  It cannot be said that this opinion is uncontradicted: as noted above, Ms. Miller's own accounts of her activities, including part-time employment, contradict the opinion.  This was, in fact, observed by the ALJ: "The limitations reported by Ms. Cornell would preclude the part-time work the claimant is able to do now."  Tr. 19.  Neither do the treatment notes support the level of restriction reported in December 2003.  Throughout Ms. Cornell's clinical notes are references to Ms. Miller's job applications and employment interests, and not one of these references is accompanied by any notation of restriction on ability to work.  In May of 2003, Dr. Davis recorded Ms. Miller's success in substitute teaching and working as a teacher's assistant, noting, "has been doing well .... has shown sustained improvement on current med regimen, good mood

stabilization and ongoing progress in maintaining self independence and beginning employment options." Tr. 164. It should also be noted that Ms. Cornell's notes seem to equate inability to work with inability to be hired: "Has applied for 8 jobs through voc rehab. All select somebody else." Tr. 165. Court finds no error in applying 20 C.F.R. Section 404.1527(d)(2) or Soc.Sec.Rul. 96-2p.

Related to Ms. Miller's concerns about the ALJ's handling of the treating physician's opinion is her concern that the ALJ should not have given controlling weight to a non-examining, non-treating, testifying medical advisor. The medical advisor, Dr. O'Koon, heard the hearing testimony, reviewed the records of Dr. Davis and of Ms. Cornell, and also reviewed the evaluation reports filed by Dr. Temple in December of 2002 (Tr. 127-132) and by Dr. Miller in March of 2003 (Tr. 135-145). The ALJ properly utilized Dr. O'Koon's assistance in interpreting the records and reading them in conjunction with one another. Atterbury v. Secretary, 871 F.2d 567 (6th Cir. 1989). The Court perceives no error.

An order in conformity has this day entered.